**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

1. CHRISTOPHER JOHN BROWN,
2. HEATHER ANN VAN WYHE,

     Plaintiffs,

v.                                                                    Case No. 4:20-cv-00418-CVE-JFJ

1. STATE FARM FIRE AND CASUALTY
COMPANY, a foreign for profit insurance
corporation,

     Defendant.

## ANSWER

Defendant State Farm Fire and Casualty Company ("State Farm") provides the following answers to the allegations in the Complaint. State Farm denies each and every allegation in the Complaint except to the extent an allegation is specifically admitted below.

1.     On information and belief State Farm admits that Plaintiffs are citizens of Oklahoma.

2.     Defendant admits the allegations of paragraph 2 of the Complaint.

3.     Defendant admits the allegations of paragraph 3 of the Complaint.

4.     Defendant admits the allegations of paragraph 4 of the Complaint.

5.     On information and belief Defendant admits the allegations of paragraph 5 of the Complaint.

6.     State Farm admits this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7.     State Farm admits Plaintiffs' home located at 17934 Anthem Ridge Road in Owasso, Oklahoma was covered by a homeowner's policy number 36-BL-P673-1.

{2190122;}

Page 1

State Farm denies the remaining averments, express or implied, set out within the remainder Paragraph 7.

8.      State Farm lacks sufficient information to admit or deny the allegations in paragraph 8 of the Complaint and therefore denies same.

9.      State Farm lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 1 of the Complaint. State Farm admits only that it inspected Plaintiffs' roof on two occasions and determined that certain portions of the roofs system had been damaged by hail, which is a covered cause of loss under Plaintiffs' homeowner's policy.  State Farm denies the remaining averments, express or implied, set out within the remainder Paragraph 9.

10.     State Farm denies the allegations in paragraph 10 of the Complaint because it is an inaccurate description of the dwelling coverage afforded by the policy.  State Farm further avers that the policy speaks for itself.

11.     State Farm incorporates by reference its responses to the allegations in paragraphs 1-10 of the Complaint.

12.     State Farm admits the allegations in paragraph 12 of the Complaint.

13.     State Farm lacks sufficient information to admit or deny the information in paragraph 13 of the Complaint and therefore denies same.

14.     State Farm denies the allegations in Paragraph 14 of the Complaint. State Farm states it has complied and continues to comply with the provisions of the contract.

15.     State Farm incorporates by reference its responses to the allegations in paragraphs 1-14 of the Complaint.

16.     State Farm denies the allegations in Paragraph 16 of the Complaint.

{2190122;}

17.    Defendant incorporates by reference its responses to the allegations in paragraphs 1-16 of the Complaint.

18.    State Farm denies the allegations in Paragraph 18 of the Complaint.

19.    Paragraph 19 of the Plaintiff's complaint does not require a response.

20.    State Farm denies the allegations in paragraph 20 of the Complaint.

State Farm denies that Plaintiffs are entitled to damages, judgment, or any relief whatsoever on their claim and asks that the Court enter judgment in favor of State Farm and against Plaintiffs.

## DEFENSES

State Farm sets forth below its affirmative defenses and other matters constituting avoidance.  State Farm does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. State Farm reserves the right to assert additional affirmative defenses at such time and such extent as warranted by discovery and the factual developments in this case.

1.    Plaintiffs' Complaint fails to state a claim, either in whole or in part, for which relief may be granted.

2.    Plaintiffs' claims are barred in whole or in part by the terms of the policy.

3.    State Farm had a justifiable, good faith basis for its actions.

4.    There is a legitimate dispute regarding the coverage of Plaintiffs' alleged losses.

5.    State Farm's actions did not cause any harm to Plaintiffs or their Property.

6.    State Farm has paid all amounts owed under Plaintiffs' policy.

7.    Plaintiffs' claim for punitive damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States

{2190122;}

Constitution and of Article 2, Section 7 of the Oklahoma Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (b) the highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (c) the introduction of evidence of State Farm's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit to State Farm from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

8.    Plaintiffs' claim for punitive damages constitutes an unconstitutional excessive fine under Article 2, Section 9 of the Oklahoma Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

9.    State Farm asserts all applicable statutory and common law limitations, restrictions, or caps on liability or damages, including, but not limited to, 23 O.S. §§ 9.1 and 15.

10.    State Farm reserves the right to amend its defenses as discovery continues.

Accordingly, having fully answered, State Farm requests that the Court enter judgment in State Farm's favor and against Plaintiffs.

{2190122;}

DATED this 15th day of September, 2020.

Respectfully submitted,

/s/ Stephanie S. Durán
Mia Vahlberg, OBA #20357
Stephanie S. Durán, OBA #33164
**GABLEGOTWALS**
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK  74103-4217
(918) 595-4800
(918) 595-4990 (fax)
mvahlberg@gablelaw.com
sduran@gablelaw.com

**Attorneys for Defendant State Farm**

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of the Electronic Filing to all ECF registrants.

 /s/ Stephanie S. Duran
Stephanie Durán